NO. 07-06-0230-CR


 07-06-0231-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 30, 2007


______________________________



IGNACIO APOLONIO SARMIENTO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;



NO. 3595, 3528; HONORABLE RON ENNS, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ. 

OPINION


 Appellant Ignacio Apolonio Sarmiento brings companion appeals from the
adjudication of his guilt for the offenses of possession of a controlled substance and
delivery of a controlled substance. Agreeing with appointed counsel's conclusion the
record fails to show any meritorious issue which would support the appeals, we affirm the
trial court's judgments. 

 In a March 2004 indictment appellant was charged with possessing between four
and two hundred grams of cocaine. He pled guilty the same month and adjudication of
guilt was deferred for a period of seven years in accordance with a plea agreement. A July
2004 indictment alleged appellant delivered cocaine in the same quantity range. Appellant
pled guilty to this offense in August 2004 in exchange for a recommendation the
adjudication of guilt be deferred. The trial court again deferred adjudication of guilt and
placed appellant under community supervision for seven years.

 The State moved to adjudicate appellant's guilt in each case in January 2006,
alleging he violated the conditions of his community supervision by committing two new
drug-related offenses. At the joint hearing on these motions held in May 2006, through an
interpreter appellant pled not true to the violations alleged. The State abandoned the
second violation alleged in each motion, proceeding only on the allegation appellant
delivered a controlled substance on January 22, 2006. The trial court heard testimony
from Bobby Tyler of the Department of Public Safety and Tommy Hinson, a drug user who
worked with Tyler in conducting controlled buys of drugs. Hinson purchased cocaine from
appellant at appellant's home while Tyler listened to the transaction using a transmitter
carried by Hinson. Tyler did not see the transaction, but did see appellant briefly outside
the house. 

 The trial court found appellant violated the conditions of his community supervision
and found appellant guilty in each case. The court assessed punishment at 15 years
confinement for possession in cause number 3528, and 65 years confinement for delivery
of a controlled substance in cause number 3595. Appellant perfected appeal from each
judgment. 

 Appellant's appointed counsel has filed a motion to withdraw and a brief in support
pursuant to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), in which he certifies that he has searched the record and, in his professional
opinion, under the controlling authorities and facts of this case, there is no reversible error
or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. The
brief discusses the procedural history of the case and the evidence presented at trial. 
Counsel has certified that a copy of the Anders brief and motion to withdraw have been
served on appellant, and that counsel has advised appellant of his right to review the
record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.-
Waco 1994, pet. ref'd). By letter, this court also notified appellant of his opportunity to
submit a response to the Anders brief and motion to withdraw filed by his counsel.
Counsel's brief does not discuss potential issues with an explanation of why they could not
support the appeal. Appellant has filed a response raising several potential issues. The
State has not filed a brief.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

 Appellant's pro se response initially complains his appellate attorney failed to
respond to appellant's request for a copy of the record. Counsel's letter to appellant
explaining his right to file a pro se response states counsel provided a copy of the
reporter's record from the adjudication hearing. Appellant also presents complaints
regarding his pleas of guilty when adjudication was deferred. As no appeal was perfected
from the decision to defer adjudication of guilt, appellant may not now raise errors that
occurred in that proceeding. Hargesheimer v. State, 182 S.W.3d 906, 909 (Tex.Crim.App.
2006); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). (1) After an
adjudication of guilt, appeal may be brought challenging issues arising at the subsequent
punishment hearing, including claims of ineffective assistance of counsel. Kirtley v. State,
56 S.W.3d 48, 51 (Tex.Crim.App. 2001). 

 Appellant complains he has been denied reasonably effective assistance of counsel
because his counsel failed to secure the services of an interpreter from the Mexican
Consulate and the interpreter used in the trial court was not qualified. To establish denial
of the effective assistance of trial counsel an appellant must establish (1) his counsel's
performance was deficient, and (2) the deficient performance prejudiced the defense. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),
Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). This standard applies to
claims arising from a noncapital sentencing phase. Hernandez v. State, 988 S.W.2d 770,
772 (Tex.Crim.App. 1999). The first component of Strickland is met by showing trial
counsel made errors so significant that he was not functioning as the counsel guaranteed
by the Sixth Amendment to the United States Constitution. 466 U.S. at 687. To show
prejudice, the defendant must show there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. A
reasonable probability is a probability sufficient to undermine confidence in the outcome. 
Id. at 694. A claim of ineffective assistance of counsel must be affirmatively supported by
the record. Tabora v. State, 14 S.W.3d 332, 336 (Tex.App.-Houston [14th Dist.] 2000, no
pet.). 

 We initially note that appellant told the trial court following his sentencing that he
was satisfied with the representation of the retained counsel who represented him at the
adjudication proceeding. The record also shows an interpreter was appointed and sworn
at that proceeding pursuant to article 38.30(a) of the Code of Criminal Procedure. Tex.
Code Crim. Proc. Ann. art. 38.30(a) (Vernon 2005). There is authority that a foreign
national (2)
 who has been arrested must be advised of his right to contact his consulate. 
Maldonado v. State, 998 S.W.2d 239, 247 (Tex.Crim.App. 1999) (citing Vienna Convention
on Consular Affairs, art. 36(1)(b), 21 U.S.T. at 100-101; 595 U.N.T.S. at 292). The record
before us does not contain any evidence demonstrating whether appellant was informed
of his right to contact the Mexican Consulate. In any event, however, we find no authority
appellant was entitled to the services of an interpreter from the Mexican Consulate. (3) 
Appellant's contention the interpreter used in the trial court was not qualified refers to the
requirements of article 38.31(g) of the Code of Criminal Procedure. Those requirements
apply to interpreters for deaf persons. Tex. Code Crim. Proc. Ann. art. 38.31(g) (Vernon
2005). The record before us does not affirmatively support an arguably meritorious
contention that appellant's counsel was deficient because of a failure to obtain an
interpreter from the consulate for the adjudication proceeding. 

 Our review convinces us that appellate counsel conducted a complete analysis of
the record. We have also made an independent examination of the record to determine
whether there are any non-frivolous grounds on which an appeal could arguably be
founded. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); 
Stafford, 813 S.W.2d at 511. We agree it presents no meritorious issue which would
support an appeal. Accordingly, we grant counsel's motion to withdraw (4) and we affirm
both judgments of the trial court. 

 James T. Campbell

 Justice

Publish.
1. Additionally, the adjudication of appellant's guilt occurred before the effective date
of Senate Bill 909 in the 80th Legislature, which authorizes appeals from the decision to
adjudicate guilt. Act of June 15, 2007, 80th Leg. R.S., Ch. 1308, § 1, 2007 Tex. Gen. Laws
____ (amending Tex. Code Crim. Proc. art. 42.12, § 5).
2. Appellant asserts on appeal that he is a Mexican citizen, and a Department of
Public Safety arrest report contained in the record indicates that fact. Offense reports
appearing in the record also show appellant had a residence in Texas, and possessed a
Texas driver's license and a social security number. For purposes of this opinion, we
assume appellant is a foreign national. 

3. See Sanchez-Llamas v. Oregon, ___ U.S. ___, 126 S.Ct. 2669, 165 L.Ed.2d. 2669
(2006) (addressing judicial enforcement of Vienna Convention on Consular Affairs); Sierra
v. State, 218 S.W.3d 85 (Tex.Crim.App. 2007) (same). 
4. In granting counsel's motion to withdraw, however, we remind counsel to insure
that he has complied with the "educational"duty to inform appellant of his right to file a pro
se petition for discretionary review in the Court of Criminal Appeals. Ex parte Owens, 206
S.W.3d 670 (Tex.Crim.App. 2006).



="71" Name="Colorful Shading Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0119-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 

FEBRUARY 7, 2011

_____________________________

 

 

CHARLES RONALD GATLIN,

  

                                                                                    Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                      Appellee

_____________________________

 

FROM THE 223RD DISTRICT COURT
OF GRAY COUNTY;

 

NO. 5800; HONORABLE LEE
WATERS, PRESIDING

 

_____________________________

 

Opinion

_____________________________

 

 

Before QUINN, C.J.,
and CAMPBELL and HANCOCK, JJ.

            Charles
Ronald Gatlin challenges the trial courts order revoking his probation and
sentencing him to ten years confinement for the offense of aggravated sexual
assault.  In doing so, he contends that
the sentence is void because a prior adjudication of guilt was rendered outside
of the original probationary period.  We
overrule the issue and affirm the judgment. 

            

Background

            On November 22, 2000, appellant was
placed on deferred adjudication probation for six years pursuant to a plea
bargain agreement.  The State
subsequently sought to proceed with adjudication. On June 6, 2001, the trial
court not only continued to defer the adjudication of appellants guilt but
also extended his probation to June 5, 2011, per an agreement of the
parties.  In 2008, the State again moved
to adjudicate appellants guilt.  The
trial court granted the motion and convicted him of aggravated sexual assault. 
Then,  the sentence was suspended, and
appellant was assessed probation for five years.  Eventually, appellants probation was
revoked, which resulted in a ten-year prison sentence.    

            Failure to Make Finding of Endangerment to the Public 

            Appellant argues that at the time his
community supervision was initially extended in 2001, the trial court did not
affirmatively find that the failure to extend his probationary period would
endanger the public; thus, it allegedly could not extend his probation.  We disagree. 


            According
to statute, a trial court may extend the community supervision of a defendant
granted deferred adjudication for aggravated sexual assault at any time during
the period of community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12
§22A(a) (Vernon Supp. 2010).  However,
doing so depends upon whether at a hearing it determines that the defendant has not
sufficiently demonstrated a commitment to avoid future criminal behavior and
that the release of the defendant from supervision would endanger the public . . . .   Id. §22A(b).  Appellant
argues that such a determination must be made manifest by an actual affirmative
finding.  And, because no such finding
was uttered or executed by the trial judge here, it could neither extend his
community supervision or ultimately sentence him to prison after the original
term of supervision expired.  Sadly, he
cites no authority supporting that conclusion. 
Nor did we find any.   This may be
because the plain wording of the statute in question says nothing about a
finding or the trial courts execution of one.  It simply permits the modification of the
probationary term if the court determines that the prerequisites exist.  And, while a finding would encompass a
determination, a determination does not necessarily encompass a finding, as the latter term is understood in
legal jargon.

            Moreover,
when the legislature has wanted the trial court to execute an affirmative
finding after making a particular determination, it has so specified.  One need only read articles 42.012, 42.013, 42.014, and 42.015 of the Texas Code of Criminal
Procedure to realize that.  Through each,
we are told that if the trial court determines a particular fact exists, it must also make an affirmative
finding of that fact.  Id.; see Cameron v. Terrell & Garrett, Inc., 618 S.W.2d
535, 540 (Tex. 1981)  (noting one
rule of statutory construction to be that the legislatures use of particular
verbiage in one
part of a statute while omitting it from another evinces an intent that the
provision omitting the word should not be read as including it).  Given that judges lack the authority to add
in what the legislature left out of a statute, we conclude that §22A(b) imposes no
obligation upon a trial court to make affirmative findings relating to the
existence of the factors expressed in that statute.  

            Finally,
appellant does not argue that the trial court lacked sufficient evidentiary
basis to determine that the criteria of §22A(b) were
met.  So, we need not address that.

            Accordingly, we affirm the
judgment.  

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

Publish.